UNITED STATES DISTRICT COURT
SOUTHEERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JUDY KIRTON, on behalf of herself and
all other persons similarly situated,

                        Plaintiff,                        **COMPLAINT**

   -against-

CONCEPTS OF INDEPENDENCE, INC.,           *Collective Action*

                        Defendant.                  *Jury Trial Demanded*
------------------------------------------------------------------------X

       Plaintiff, JUDY KIRTON ("Plaintiff"), on behalf of herself and all other persons similarly situated, by and through her attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendant, CONCEPTS OF INDEPENDENCE, INC. ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

       1.    This is a civil action for damages and equitable relief based on Defendants' violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA") and the New York Labor Law, Law Article 19, §650 et seq. and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law). Plaintiff brings this action on behalf of herself and similarly situated current and former employees of Defendant who have worked in hourly-paid clerical positions to recover damages for violations of the FLSA and New York Labor Law.

## JURISDICTION AND VENUE

       2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201 et seq.  This Court has supplemental jurisdiction over all claims arising under New York law pursuant to 28 U.S.C. § 1367

1

3. In addition, the Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this district and maintains an office located at 120 Wall Street, New York New York 10005.

## PARTIES

5. At all times relevant, Plaintiff was an "employee within the meaning of the FLSA and NYLL.

6. Defendant is a domestic corporation that is primarily in the business of placing personal care assistants to assist disabled individuals. For the tax year ending June 30, 2021, Defendant reported gross sales in the amount of $182,138,193.

7. At all relevant times, Defendant, was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce within the meaning of the FLSA as it employees and receives payments from out-of-state insurance carriers, as well as from federal government health programs such as Medicaid, the combination of which subjects Defendant to the FLSA's overtime requirements as an enterprise.

## FACTUAL ALLEGATIONS

8. Defendant is a Consumer Directed Personal Assistance Services provider.

9. Plaintiff was employed by Defendant as an hourly-paid clerical worker from in or about 2000 until in or about August 2021. Plaintiff's primary duties involved tracking the time and attendance of personal care assistants for payroll.

10. Throughout her employment with Defendant, Plaintiff regularly worked more than 40 hours per week. Plaintiff regularly worked Monday through Friday each workweek from 8:00

a.m. until at least 5:00 p.m., and often later.  Plaintiff also sometimes Saturday and/or Sunday after working her regular workweek.

11. Defendant failed to pay Plaintiff overtime at the rate of one and one-half times her regular rate of pay for hours worked in excess of 40 hours per week.  Instead, Defendant paid Plaintiff "straight-time" at her regular hourly rate for all hours worked by Plaintiff, including those hours worked after 40 hours in a workweek.  In an effort to evade its obligation to pay Plaintiff overtime and mask its failure to pay Plaintiff at the rate of one and one-half times her regular rate of pay for hours worked in excess of 40 hours per week, Defendant issued Plaintiff two separate checks each bi-weekly pay period.

12. Upon information and belief, Defendant failed to pay other similarly situated clerical workers overtime at the rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a workweek.

13. Defendant failed to provide Plaintiff upon hire written notice of her rate of pay and other information required by Section 195(1) of the New York State Labor Law.

14. Upon information and belief, Defendant failed to provide similarly situated scheduling coordinators upon hire written notice of their rate of pay and other information required by Section 195(1) of the New York State Labor Law.

15. Defendant failed to provide Plaintiff with an accurate statement each pay period indicating the number of overtime hours worked, overtime rate of pay and other information required by Section 195(3) of the New York State Labor Law.

16. Upon information and belief, Defendant failed to provide similarly situated hourly-paid clerical workers with an accurate statement each pay period indicating the number of overtime

hours worked, overtime rate of pay and other information required by Section 195(3) of the New York State Labor Law.

## COLLECTIVE ACTION ALLEGATIONS

17. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

18. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendant's current and former employees' interests as well as her own interest in bringing this action.

19. Plaintiff seeks to proceed as a collective action with regard to the First Claim for Relief, pursuant to 29 U.S.C. § 216(b) on behalf of herself and similarly situated employees who are currently or have been employed by Defendant as hourly-paid clerical workers at any time during the three (3) years prior to the filing of their respective consent forms.

20. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

21. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

22. Defendant employed Plaintiff and similarly situated employees for workweeks longer than forty (40) hours and willfully failed to pay the Plaintiff and similarly situated

4

employees overtime compensation for time worked in excess of forty (40) hours per week in violation of the FLSA.

23. Defendant's violations of the FLSA as described in this Complaint have been willful. Therefore, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

24. As a result of Defendant's unlawful acts, Plaintiff and each Opt-In Plaintiff is entitled to recovery from Defendant unpaid overtime compensation in an amount to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## OVERTIME NEW YORK LABOR LAW

25. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

26. Defendant employed Plaintiff and Opt-In Plaintiffs for workweeks longer than forty (40) hours and willfully failed to pay overtime compensation for time worked in excess of forty (40) hours per week in violation of the New York Labor Law.

27. Plaintiff and Opt-In Plaintiffs are entitled to recover from Defendant the amount of unpaid overtime compensation, liquidated damages, and attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF
## WAGE NOTICE VIOLATION

28. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

29. Defendant failed to provide Plaintiff and Opt-In Plaintiffs with notice of their rate of pay; the basis of their rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by New York Labor Law Section 195(1).

30. Due to Defendant's failure to provide Plaintiff and Opt-In Plaintiffs with the notice required by New York Labor Law §195(1), Defendant is liable to Plaintiff and Opt-In Plaintiffs for statutory damages pursuant to New York Labor Law Section 198.

### FOURTH CLAIM FOR RELIEF
### WAGE STATEMENT VIOLATION

31. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

32. Defendant failed to provide Plaintiff and Opt-In Plaintiffs with an accurate statement of their wages each pay period as required by Labor Law § 195(3) of the Labor Law.

33. Due to Defendant's failure to provide Plaintiff and Opt-In Plaintiffs with the notice required by New York Labor Law § 195(3), Defendant is liable to Plaintiff and Opt-In Plaintiffs for statutory damages pursuant to New York Labor Law Section 198.

### DEMAND FOR JURY TRIAL

34. Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i.) Certification of a collective action pursuant to 29 U.S.C. § 216(b);

(ii.) An order authorizing the dissemination of notice of the pendency of this action;

(iii.) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq.;

(iv.) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL and the supporting N.Y.S DOL Regulations;

(v.) Damages pursuant to NYLL § 198(1-a);

    (vi.)    Reasonable attorneys' fees and the costs incurred in prosecuting these claims;

    (vii.)    Pre-judgment and post-judgment interest as permitted by law; and

    (viii.)    Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
       October 7, 2022

                           LAW OFFICE OF PETER A. ROMERO PLLC

                By:    */s Peter A. Romero*

                       Peter A. Romero, Esq.
                       490 Wheeler Road, Suite 250
                       Hauppauge, New York 11788
                       Tel. (631) 257-5588
                       promero@romerolawny.com

                       *Attorneys for Plaintiff*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Concepts of Independence, to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

*Judy Kirton*
Judy Kirton (Sep 16, 2022 23:00 EDT)

Judy Kirton

09/16/2022

Date