Law Office of Peter A. Romero

Peter A. Romero
promero@romerolawny.com

David D. Barnhorn
dbarnhorn@romerolawny.com

July 12, 2023

**VIA ECF**
Hon. Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

   Re: *Judy Kirton v. Concepts of Independence, Inc.,*
      Docket No.: 22-cv-08552 (VSB)

Dear Judge Broderick:

  This firm represents Plaintiff Judy Kirton, who brought the above-referenced matter against Defendant Concepts of Independence, Inc., ("Defendant") for unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), for failure to furnish a wage notice upon her hire under NYLL § 195(1), and failure to provide accurate wage statements for each pay period under NYLL § 195(3). D.E. 6. The parties have reached a resolution of this action. Accordingly, Plaintiff now submits this motion for approval, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), to respectfully request that the Court approve the terms of the parties' settlement agreement with respect to Plaintiff's FLSA claims. The parties' proposed Settlement Agreement and Release of Claims (the "Agreement") is attached as Exhibit A.

## Procedural History

  On October 7, 2022, Plaintiff filed her Complaint against Defendant. D.E. 6. Prior to the Defendant filing their Answer to the Complaint, the parties requested, and the Court referred the matter to mediation. D.E. 22. Prior to the first scheduled mediation session, the parties exchanged documents and information which ultimately allowed the parties to reach a settlement in principle, and thus cancelled the formal mediation session. The settlement agreement between the Plaintiff and the Defendant provides for payment of a gross sum of $7,500.00, inclusive of attorneys' fees and costs. Pursuant to the Agreement, Plaintiff will receive a total of $5,000.00 and Plaintiff's counsel will receive a total sum of $2,500.00 for attorneys' fees.

## The Court Should Approve the Settlement Agreement as Fair and Reasonable

  FLSA claims may be dismissed with prejudice under Fed. R. Civ. P. 41 if they are approved by the Court. Cheeks, 796 F.3d at 206-207. "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." Hernandez v. Merrill Lynch & Co., 2013 WL 1209563, at *7 (S.D.N.Y. Mar. 21, 2013)

LAW OFFICE OF PETER A. ROMERO PLLC  •  LABOR AND EMPLOYMENT LITIGATION
490 Wheeler Road, Suite 250, Hauppauge, New York 11788  •  (631) 257-5588  •  overtimelawny.com

(citations omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." Id. (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." Id.

In evaluating a proposed settlement of FLSA claims, courts in this Circuit typically apply the five-factor test articulated in Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). The Wolinsky factors require consideration of the following factors: (1) the Plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arms'-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. Id.

In this case, Plaintiff contends that she worked as an hourly-paid clerical worker for Defendant from in or about 2000 through in or about January 2022. Plaintiff asserts that she was responsible for tracking the time and attendance of personal care assistants for payroll purposes. Throughout her employment, Plaintiff alleges that she regularly worked more than forty hours during each workweek, commonly working five days per week from 8:00 a.m. until 5:00 p.m. each day. For this work, Plaintiff asserts that Defendant paid her by two separate checks each pay period so that it appeared as though she never worked more than forty hours each week. Thus, Plaintiff was paid her regular rate of pay for all hours worked, regardless of the number of hours she actually worked. As a result, despite frequently working in excess of forty hours in a workweek, Plaintiff alleges that Defendant failed to pay her at her statutorily-mandated overtime rate of pay of one and one-half times her applicable regular rate of pay.

Critically, the parties have several key disputes that impact liability and damages. Defendant contends that Plaintiff was paid correctly for her hours worked. Defendant strenuously argues that Plaintiff was paid properly, and provided employment records that purported to show the hours worked by Plaintiff and her hourly rate. Plaintiff disputes these records, because while they do prove that she is entitled to some damages under the FLSA, Plaintiff also believes that the underpayments she was subjected to were more severe. Defendant also contests the number of hours worked by Plaintiff during her workweeks, asserting that Plaintiff worked fewer hours during her workweeks than alleged. Each of these disputes will turn primarily on the credibility of the records that exist, and the parties, and the resolution of these disputes would have a significant outcome on liability and Plaintiff's damages at trial. Additionally, Defendant contend that Plaintiff is not entitled to liquidated damages, whereas Plaintiff asserts that liquidated damages should be awarded because Defendant cannot establish that the alleged violations, if proven, were part of good faith efforts to comply with the FLSA.

Defendant asserts that they have limited financial resources and cannot afford a larger settlement or judgment, in large part due to their status as a non-profit organization. Because of this, Plaintiff faces a significant risk that she could end up collecting little or even no monetary recovery, even if successful at trial. Finally, while only collaterally related to her FLSA claims, Defendant contends that Plaintiff was exempt from the overtime requirements due to the non-profit exemption under the NYLL, which is an exemption that does not exist

under the FLSA. Plaintiff disputes that she is covered by this exemption. However, this defense, if proven, could impact Plaintiff's recovery under the FLSA. Specifically, assuming this NYLL exemption does not apply, the NYLL provides for a greater recovery period than the FLSA. Moreover, Plaintiff anticipates that Defendant would argue that Plaintiff is not entitled to liquidated damages on the basis that Defendant relied on the NYLL non-profit overtime exemption as a good faith basis not to pay overtime compensation. While Plaintiff vehemently disagrees with this argument, it could eliminate Plaintiff's entitlement to liquidated damages under the FLSA if the argument is credited by the trier of fact.

Plaintiff calculated her damages in order to assess her best possible recovery in this litigation. Making all reasonable assumptions in her favor, and using the records maintained by Defendant, according to Plaintiff's calculations, Plaintiff's best potential recovery against the Defendant under the FLSA at trial amounts to $2,529.55 for unpaid FLSA overtime and $2,529.55 for FLSA liquidated damages relating to those unpaid wages.

Settling at this stage allows the parties to avoid substantial costs and delays. Indeed, were a settlement not reached at this stage, the Defendant would have had to file their Answer, the parties would have held a discovery planning conference and engaged in formal written and document discovery, and depositions of Plaintiff, Defendant, and likely several non-party witnesses. This settlement also avoids potential motions for summary judgment and a time consuming and risky trial, which could result in a months' or years' long delay to obtaining a potential recovery for the Plaintiff, even if she is successful, and avoids potentially facing future appeals. Notably, a trial in this lawsuit is particularly risky because it will likely turn almost entirely upon the credibility of the parties and determining whether Plaintiff's recollection of her hours worked will prevail or whether Defendant's records are accurate and must be followed. Moreover, while primarily a concern under the NYLL, Plaintiff faces a significant risk at trial that she is exempt under the NYLL (though Plaintiff disputes the applicability of this exemption), which, as discussed above, could then reduce the valuation of her damages under the FLSA. As a result, all parties face a serious risk of losing at trial, in whole or in part. Even if Plaintiff were successful on her FLSA overtime wage claims, but Defendant could prove that they made a good faith effort to comply with the FLSA, Plaintiff would not be entitled to liquidated damages under the FLSA, reducing Plaintiff's available FLSA damages by half. If Defendant could establish that the alleged violations were not willful, Plaintiff's FLSA claims would be subject to a two-year statute of limitations, which would further reduce her unpaid FLSA damages to $563.70 for unpaid FLSA overtime wages and $563.70 for liquidated damages relating to the Defendant's failure to timely pay her FLSA wages. Thus, by settling at this stage, Plaintiff ensures that she will receive a recovery in this matter. Indeed, under the terms of the settlement, Plaintiff will receive nearly all of her alleged unpaid FLSA wages within the three-year statutory period and nearly all of her alleged unpaid FLSA wages within the three-year statutory period, even after deducting for attorneys' fees. Lastly, since Defendant is a non-profit, it asserts that it has modest financial resources and cannot afford a larger settlement or judgment. As a result, even if Plaintiff were successful at trial, there is a risk that Plaintiff would be able to collect only a small portion of the judgment or possibly be unable to collect any recovery under the judgment due to Defendant's limited financial resources.

Accordingly, although there is a possibility that Plaintiff could recover higher damages if the case proceeded to trial, there is also the significant possibility that she could receive

lower damages, or nothing at all, and as such, the risks and uncertainties discussed above are substantial. Thus, assuming this settlement is approved, Plaintiff will be able to recover the settlement funds more expeditiously, and with more certainty, than a trial judgment.

Furthermore, the settlement agreement does not contain any terms that would militate against the Court approving it. For instance, the release in the Agreement is limited to wage-related claims. The release does not fall into the category of releases that are so broad and encompassing as to be rejected because they run afoul of standards of fairness and reasonableness. See Flood v. Carlson Rests. Inc., 2015 WL 4111668, at *1-2 (S.D.N.Y. July 6, 2015); Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 181 (S.D.N.Y. March 30, 2015) (prohibiting releases that "purport to waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues" but notes additional claims may be released in appropriate circumstances); Cheeks, 796 F.3d at 206 (noting judicial approval of settlements is necessary to avoid an "overbroad release" that waives all possible claims and to prevent potential abuse or overreach in settlements). Here, the release is narrowly tailored to release only claims relevant to the instant action.

Additionally, the agreement does not contain a confidentiality clause that may "run afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair." Flood v. Carlson Rests. Inc., 2015 WL 4111668, at *1 (S.D.N.Y. July 6, 2015) (citing Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 177-181 (S.D.N.Y. March 30, 2015)); Cheeks, 796 F.3d at 206 (quoting Lopez, 96 F. Supp. 3d at 177) (noting judicial approval of settlements is necessary to prevent "'highly restrictive confidentiality provisions…in strong tension with the remedial purposes of the FLSA'"); Cortes v. New Creators, Inc., 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016) (citing Lopez, 96 F. Supp. 3d at 177-181). Similarly, the agreements do not contain any non-disparagement provisions.

**The Court Should Approve the Requested Attorneys' Fees and Costs as Reasonable**

In addition to assessing the reasonableness of the settlement award, most courts since Cheeks have found that courts "must also assess the reasonableness of any attorneys' fee award." Velasquez v. SAFI-G, Inc., 137 F. Supp. 3d 582, 585 (S.D.N.Y. Oct. 7, 2015) (citing Wolinsky, 900 F. Supp. 2d at 336). When courts examine attorneys' fee awards in FLSA settlements, it is "to ensure that the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citing Wolinsky, 900 F. Supp. 2d at 336). In this case, the portion of the settlement amount attributable to attorneys' fees is $2,500.00, or one-third of the settlement amount.

Notably, while Courts may now award attorneys' fees in amounts greater than one-third of the total settlement sum, plus costs, Fisher v. SD Prot. Inc., 948 F.3d 593 (2d Cir. 2020), Courts have traditionally held that approval of attorneys' fees of 1/3 of the settlement sum, plus costs, is reasonable and routinely approve such terms in settlement agreements. Tiro v. Public House Investments, LLC, 2013 WL 4830949, at *14 (S.D.N.Y. Sept. 10, 2013) (collecting cases); Kochilas v. Nat'l Merchant Servs., Inc., 2015 WL 5821631, at *8 (E.D.N.Y. Oct. 2, 2015) (collecting cases); McDaniel v. City of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010) (noting that the percentage of recovery method is "the trend in this

Circuit."); see also Oxley v. Excellent Home Care Servs., LLC, 2020 WL 589581, at *3 (E.D.N.Y. Jan. 8, 2020), report and recommendation adopted, 2020 WL 401772 (E.D.N.Y. Jan. 23, 2020) (citing Romero v. Westbury Jeep Chrysler Dodge, Inc., 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016)) (noting "courts in this Circuit have routinely found an award representing one third of the settlement amount to be reasonable" in FLSA settlements and awarding plaintiff's counsel a fee of 1/3 of the net settlement after costs, plus an award of costs); Yong Yuan Wang v. Mandarin Glen Cove, Inc., 2019 WL 5695910, at *2-3 (E.D.N.Y. Sept. 30, 2019) (citing Romero, 2016 WL 1369389, at *2) (same); Meza v. 317 Amsterdam Corp., 2015 WL 9161791, at *2 (S.D.N.Y. Dec 14, 2015) ("[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.") (collecting cases); Cregg v. Firstservice Residential N.Y., Inc., Docket No. 15-cv-3876-LB, D.E. 14 at *4-5 (E.D.N.Y. Dec. 9, 2015) (approving one-third attorneys' fees award as "the norm in this Circuit"); Najera v. Royal Bedding Co., LLC, 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) (collecting cases); Calle v. Elite Specialty Coatings Plus, Inc., 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014) ("[O]ne-third contingency fee is a commonly accepted fee in this Circuit."); Rangel v. 639 Grand St. Meat & Produce Corp., 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) (observing that in FLSA cases, district courts in the Second Circuit routinely approve of fees that amount to one-third of the total recovery, plus costs). Courts have held that a one-third recovery is appropriate in a case where, as here, Plaintiff's counsel's fee entitlement is entirely contingent upon success of a settlement or award. See Massiah v. MetroPlus Health Plan, Inc., 2012 WL 5874655, at *8 (S.D.N.Y. Nov. 20, 2012) (collecting cases) (one-third recovery is "presumptively reasonable" where "Counsel's fee entitlement is entirely contingent upon success"). Thus, Plaintiff's counsel's requested fees of one-third of the settlement sum is certainly reasonable.

Additionally, the reasonableness of the fee for which approval is requested here is further solidified by "[a]pplying the lodestar method as a cross check." Guaman v. Ajna-Bar NYC, 2013 WL 445896, at *1 (S.D.N.Y. Feb. 5, 2013) (citing Goldberger v. Integrated Resources, Inc., 209 F.3d 43, 50 (2d Cir. 2000)). In order to calculate the lodestar check, the Firm multiplied the attorney hours spent on the case by each individual's reasonable hourly rate. See Healey v. Leavitt, 485 F.3d 63, 71 (2d Cir. 2007).

Here, the Law Office of Peter A. Romero PLLC is a boutique employment litigation law firm, located at 490 Wheeler Road, Suite 250, Hauppauge, New York 11788, with a substantial practice primarily representing plaintiffs in wage and hour matters, including individual, collective action and class action matters, and employment discrimination matters in both state and federal court.

By way of background, David D. Barnhorn, Esq., graduated *cum laude* from Hofstra University Maurice A. Deane School of Law in 2012. He was admitted to practice in New Jersey and the United States District Court for the District of New Jersey in November 2012, in New York State in 2013, and the United States District Courts for the Eastern and Southern Districts of New York in 2014. Mr. Barnhorn has been employed as a senior associate for this Firm since April 2018. Prior to joining this firm, he worked as an associate at two prominent employment law litigation firms from November 2012 until April 2018. Throughout his legal career, beginning in November 2012 through the present, he has focused his practice almost entirely on employment law litigation, where a majority of his cases have been comprised of individual, collective action and class action wage and hour lawsuits in

New York and New Jersey state and federal courts. Additionally, Mr. Barnhorn has been appointed as Class Counsel in multiple class action cases. Throughout his time as an associate, Mr. Barnhorn has been responsible for actively handling cases in pre-litigation stages, arbitration, administrative agencies and in litigation in state and federal courts from their inception through trial and resolution. Moreover, during his career, he has conducted numerous trials and arbitrations on behalf of his clients in employment law disputes, including wage and hour matters. Mr. Barnhorn is a member of the National Employment Lawyers Association, an entity that focuses on employee rights in the workplace and whose membership consists of lawyers that primarily, or exclusively, represent employees. Finally, Mr. Barnhorn has been selected as a Rising Star by Super Lawyers as an "Employment & Labor Attorney" for the years 2016, 2017, 2018, 2019, 2020, 2021 and 2022 and by Best Lawyers: Ones to Watch for the years 2021 and 2022.

The undersigned, Matthew J. Farnworth, Esq., graduated from Pace University School of Law in 2016. I was admitted to practice in New York State, as well as the New York Eastern and Southern District Courts in 2018, in New Jersey State Court in 2019, and the Federal District of New Jersey in 2020. I have been employed as an associate for this Firm since August 2021. Prior to joining this firm, I worked as a senior associate and associate at two prominent employment law litigation firms from May 2018 until August 2021. Throughout my legal career, beginning in May 2018 through the present, I have focused my practice almost exclusively on employment law litigation, where a majority of my cases have been comprised of individual, collective action and class action wage and hour lawsuits in New York and New Jersey state and federal courts. Throughout my time as an associate, I have been responsible for actively handling cases in pre-litigation stages, arbitration, administrative agencies, as well as handling active litigation in both state and federal courts.

Here, if Plaintiff's counsel were seeking fees pursuant to the lodestar, Plaintiff would seek hourly rates of $300.00 per hour for David D. Barnhorn, Esq., $250.00 per hour for the undersigned, Matthew J. Farnworth, Esq., and $100.00 per hour for the firm's paralegal, Angelica Villalba. "A reasonable hourly rate is 'the rate a paying client would be willing to pay,' 'bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively.'" Spain v. Kinder Stuff 2010 LLC, 2015 WL 5772190, at *8 (E.D.N.Y. Sept. 29, 2015) (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections, 522 F.3d 182, 190 (2d Cir. 2008)). "The reasonable hourly rates should be based on rates prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." Id. (quoting Cruz v. Local Union No. 3 of IBEW, 34 F.3d 1148, 1159 (2d Cir. 1994) (internal quotation marks omitted)). Here, based on the customary rates charged in this district and the experience of the attorneys responsible for this matter, hourly rates of $300.00 per hour for Mr. Barnhorn, $250.00 per hour for the undersigned, and $100.00 per hour for the firm's paralegal, Ms. Villalba, are reasonable.[1] Nuno Carrera v. DT Hosp. Grp., 2021 WL 6298656, at *12 (S.D.N.Y. Nov. 1, 2021), report and recommendation adopted, 2021 WL

---

[1] While this firm primarily represents clients on a contingency fee basis, we do represent some clients on an hourly basis. In those retainers, depending on each client's respective financial abilities, clients have agreed to compensate Mr. Barnhorn for representation at rates of $300.00 to $500.00 per hour and have agreed to compensate the undersigned for representation at rates of $200.00 to $350.00 per hour. Accordingly, the firm's requested rates are well within the normal rates awarded in contingency fee matters and the rates actually received by paying clients.

6298654 (S.D.N.Y. Dec. 7, 2021) (awarding hourly rates of $300.00 for Mr. Barnhorn, in FLSA and NYLL action); *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund, et al. v. CEI Contractors Inc.*, 2022 WL 3225680, at * 5 (August 10, 2022 S.D.N.Y.) (awarding an associate who graduated from law school the same year as the undersigned associate, practicing within the associate's particular legal field fees of $250.00 per hour); *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund, et al. v. Land Cruising Properties, Inc.*, 2022 WL 1125623 at *7 (April 15, 2022 S.D.N.Y.) (same); *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Innovation Designs Inc.*, 2021 WL 4869951, at *7 (S.D.N.Y. Oct. 18, 2021) (same); HRB Prof'l Res. LLC v. Bello, No. 17-CV-7443 (KMK), 2018 WL 4629124, at *8 (S.D.N.Y. Sept. 27, 2018) (collecting cases) (awarding a partner a rate of $440.00 per hour and citing approvingly of cases awarding partners and experienced litigators rates of $400.00 to $600.00 per hour and associates rates of $300.00 per hour); Pineda v. Frisolino, Inc., 2018 WL 3628898, at *2 (S.D.N.Y. July 30, 2018) (approving rates for partner and senior associate at $400.00 per hour and other associates at $300.00 per hour in FLSA and NYLL litigation); Sara Designs, Inc. v. A Classic Time Watch Co. Inc., 2018 WL 2976009, at *4 (S.D.N.Y. June 13, 2018) (approving rate of $450.00 per hour for partner, $325 for senior associate, and $275 per hour for junior associate); Payne v. Kirkland, 2017 WL 5952707, at *3-4 (S.D.N.Y. Nov. 30, 2017) (noting partners in small firms have been awarded rates of $550 to $650 per hour, and awarding partner with 13 years of specialized experience in civil rights cases a rate at $475.00 per hour); Polit v. Glob. Foods Int'l Corp., 2017 WL 1373907, at *8 (S.D.N.Y. Apr. 13, 2017) (awarding $300.00 to associate with four years of experience who acted as lead counsel in FLSA case); Torres v. Gristede's Operating Corp., 2012 WL 3878144, at *3 (S.D.N.Y. Aug. 6, 2012), aff'd, 519 F. Appx. 1 (2d Cir. 2013) (citing Clover v. Shiva Realty of Mulberry, Inc., 2011 WL 1832581, at *1 (S.D.N.Y. May 13, 2011)) (noting, ten years ago, in FLSA and NYLL matter that "[c]onsistent precedent in the Southern District reveals that rates awarded to experienced civil rights attorneys over the past ten years have ranged from $250 to $600, and that rates for associates have ranged from $200 to $350, with average awards increasing over time."); Jin M. Cao v. Wu Liang Ye Lexington Rest., Inc., 2010 WL 4159391, at *8 (S.D.N.Y. Sept. 30, 2010) (citing LV v. New York City Dept. of Educ., 700 F. Supp. 2d 510, 518-525 (S.D.N.Y 2010)) (noting, twelve years ago, in FLSA and NYLL matter that "[t]he rates sought by plaintiffs' counsel ($400 for partners, $350 for litigation counsel, $300 for associates with three to seven years of experience, and $200 for associates with one to two years of experience) are consistent with (or lower than) the rates used in other cases involving attorney fee awards..."); Saunders v. City of New York, 2009 WL 4729948, at *8 (S.D.N.Y. Dec. 9, 2009) (approving rate, twelve years ago, of $425.00 per hour for partner, $300 for senior associate, and $250 per hour for junior associate with approximately four years of experience in FLSA matters); New York Dist. Council of Carpenters Pension Fund v. Perimeter Interiors, Inc., 657 F. Supp. 2d 410, 424 (S.D.N.Y. 2009) (approving rate of $425.00 per hour for partners and $300.00 per hour for associates in ERISA matter); New York City Dist. Council of Carpenters Pension Fund v. Quantum Const., 2008 WL 5159777, at *13 (S.D.N.Y. Dec. 9, 2008) (approving rate of $425.00 per hour for partners and $300.00 per hour for associates in ERISA matter); see also Baizan Guerrero v. 79th St. Gourmet & Deli Inc., 2019 WL 4889591, at *12 (E.D.N.Y. Sept. 10, 2019), report and recommendation adopted, 2019 WL 4887914 (E.D.N.Y. Oct. 3, 2019) (awarding hourly rate for paralegal at $100.00 in FLSA action); Quito v. El Pedragal Rest., Corp., 2017 WL 2303979, at *2 (E.D.N.Y. May 26, 2017) (awarding hourly rate for paralegal at $100.00 in FLSA action); Lopez v. PMMT Inc., 2016 WL 7633264, at *16 (E.D.N.Y. Aug. 25, 2016), report and recommendation adopted, 2017 WL 27943 (E.D.N.Y. Jan. 3, 2017) (awarding

hourly rate for paralegal at $100.00 in FLSA action); Gesauldi v. Dan Yant Inc., 6 F. Supp. 3d 264, 274 (E.D.N.Y. 2014) (collecting cases) (awarding hourly rate for paralegal at $100.00 and noting "[v]arious courts in this district have approved this rate for paralegal services."); Apolinar v. Glob. Deli & Grorcery, Inc., 2013 WL 5408122, at *16 (E.D.N.Y. Sept. 25, 2013) (awarding hourly rate for paralegal at $100.00 in FLSA action).

      Here, Plaintiff's counsel investigated the Plaintiff's claims, conducted a detailed inquiry regarding Plaintiff's job duties, hours worked and compensation received, and Defendant's compensation policies, created an assessment of Plaintiff's damages, prepared Plaintiff's Complaint, participated in contentious settlement negotiations and subsequently negotiated the parties' formal settlement agreement. Due to the contingent nature of the case, Plaintiff's counsel undertook these efforts with no ultimate guarantee of compensation. Plaintiff's counsel was zealous in the pursuit of Plaintiff's litigation objectives and secured a favorable result on the Plaintiff's behalf. The settlement will be made available to the Plaintiff without the uncertainty and delay of trial.

      As a result, the Firm expended a total of 78.51 billable hours on this matter, as evidenced by counsel's contemporaneous billing records, which are annexed hereto as Exhibit B. Thus, Plaintiff's attorneys' fees in this matter, when calculated pursuant to the lodestar, amount to $11,416.00. Thus, Plaintiff's counsel's requested fees of $2,500 are well below Plaintiff's counsel's lodestar.

      Accordingly, Plaintiff's counsels' requests for attorneys' fees in the amount of $2,500.00 should be approved as reasonable.

      In light of the foregoing, the parties respectfully request that the Court approve the parties' settlement and dismiss this matter with prejudice, while maintaining jurisdiction to enforce the terms of the settlement.

      We thank the Court for its consideration of these requests.

      Respectfully submitted,

      */s/ M. J. Farnworth*

      MATTHEW J. FARNWORTH, ESQ.

C:    All Counsel of Record *via* ECF