UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
                                                        :
JUDY KIRTON,                                            :
                                                        :
                              Plaintiff,                :
                                                        :                    22-CV-8552 (VSB)
              -v-                                       :
                                                        :                 **OPINION & ORDER**
                                                        :
CONCEPTS OF INDEPENDENCE, INC.,                         :
                                                        :
                              Defendant.                :
                                                        :
--------------------------------------------------------------X

Appearances:

David Donald Barnhorn
Matthew John Farnworth
Peter Arcadio Romero
Law Office of Peter A. Romero, P.L.L.C.
Hauppauge, NY
*Counsel for Plaintiff*

Richard Ian Greenberg
Jackson Lewis P.C.
New York, NY
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

         The parties have advised me that they have reached a settlement agreement in this Fair

Labor Standards Act ("FLSA") case.  (Doc. 30.)  Parties may not privately settle FLSA claims

absent the approval of the district court or the Department of Labor.  *Samake v. Thunder Lube, Inc.*,

24 F.4th 804, 807 (2d Cir. 2022) (citing *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d

Cir. 2015)).  In the absence of Department of Labor approval, the parties must satisfy this Court that

their settlement is "fair and reasonable."  *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584

(S.D.N.Y. 2015).  For the reasons stated herein, I find that the settlement of the parties is fair and

reasonable and therefore approve it.

1

I.      **Legal Standard**

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors:  (1) the [plaintiff's] range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020).  In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.*  "A reasonable hourly rate is a rate 'in line with ... prevailing [rates] in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation.'" *McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)).  A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)).  An award of costs "normally include[s] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987) (internal quotation marks omitted).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement

2

or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

## II.    <u>Discussion</u>

Pursuant to my Order entered June 6, 2023, (Doc. 27), the parties have submitted a letter

detailing why they believe the settlement reached in this action, and the contemplated attorney's

fees, are fair and reasonable.[1]  (Doc. 30.)  I have independently reviewed the settlement agreement

and the supporting evidence in order to determine whether the terms of the settlement agreement are

fair, reasonable, and adequate.  I believe that they are and therefore approve the settlement

agreement of the parties.

### A.    *Settlement Amount*

I first consider the settlement amount.  The agreement provides for the distribution to

Plaintiff of $7,500, inclusive of attorney's fees and expenses.  (Doc. 30 at 1.)  Counsel represents

that Plaintiff believes they are entitled to $2,529.55 for unpaid FLSA overtime wages and $2,529.55

for FLSA liquidated damages.  (*Id*.)  The settlement amount is therefore more than the amount

Plaintiff claims is owed to them, which the parties argue is fair in light of the litigation and

collection risks particular to this case.  In addition, the litigation risks and potential costs of

continued litigation militate in favor of settlement of this case.  In the course of the parties'

settlement negotiations, which appear to have been at arm's length, the parties identified several key

disputes that could drastically alter the amount of damages available to Plaintiff, such as whether

Plaintiff would be entitled to liquidated damages and whether Plaintiff worked the hours purported.

(Doc. 30 at 2.)  Additionally, Defendant is a non-profit organization with limited resources that

could limit the collection of a judgment, even if one were obtained.  (*Id*.)  Instead, the parties have

reached a settlement figure early in the litigation process which prevents the need to advance to

discovery and engage in motion practice.  (*Id*.)  Finally, there is no basis for me to believe that there

---

[1] A copy of the settlement agreement is attached to this letter.  (Doc. 30-1.)

was any fraud or collusion involved in the settlement.  Therefore, based on the representations of

the parties and my own analysis of the totality of the circumstances present here, I find that the

settlement agreement appears to be a fair and reasonable resolution of this dispute.

          **B.**     ***Remaining Provisions***

       I have reviewed the parties' settlement agreement and have not identified any provisions that

would lead me to reject the settlement.  The agreement has a narrowly tailored release that only

applies to FLSA and New York Labor Law ("NYLL") claims between 2016 and June 23, 2023.

(Doc. 30-1 at 2.)  *See Cionca v. Interactive Realty, LLC*, No. 15-CV-5123 (BCM), 2016 WL

3440554, at *3 (S.D.N.Y. June 10, 2016) ("[a] number of judges in this District refuse to approve

any FLSA settlement unless the release provisions are limited to the claims at issue in this action."

(internal quotation marks omitted)).  The settlement agreement also does not contain any non-

disparagement provisions, *see Baikin v. Leadership Sheet Metal, Inc.*, No. 16 Civ. 8194 (ER), 2017

WL 1025991, at *1 (S.D.N.Y. Mar. 13, 2017) (refusing to approve settlement that contained non-

disparagement provision without a truthful statements carve-out), or confidentiality provisions, *see,

Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 6798807, at *4 (S.D.N.Y. Nov. 6,

2015) ("[T]he Court is of the view that it would be the very rare case, if any, where confidentiality

terms in a settlement agreement would be appropriate in resolving a wage-and-hour lawsuit given

the policy concerns underlying the FLSA.").  Accordingly, I find that the terms of the settlement

agreement are appropriate.

          **C.**     ***Attorneys' Fees***

       I next consider the attorneys' fees contemplated in the settlement agreement.  The attorneys'

fees sought are $2,500.  (Doc. 30 at 1.)  The attorney's fees represent approximately one-third of the

total $7,500 settlement amount.  Plaintiff's counsel provided time records documenting 78.51 hours

worked on this case.  (Doc. 30-2.)  As an initial matter, courts regularly approve attorneys' fees of

one-third of the settlement amount in FLSA cases.  *See Pinzon v. Jony Food Corp.*, No. 18-CV-105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) ("courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.").  While this case is still at an early stage, it is clear that Plaintiffs' counsel have expended time on at least the following:  investigating and researching Plaintiffs' claims; preparing damages computations; and negotiating and executing the settlement.

Here Plaintiffs' counsels' hourly rates were $300.00 per hour for David D. Barnhorn, Esq., $250.00 per hour for Matthew J. Farnworth, Esq., and $100.00 per hour for the firm's paralegal, Angelica Villalba.  (Doc. 30 at 6.)  These hourly rates are consistent with the rates  approved in this District of approximately $175 to $450—depending on experience—for attorneys working on FLSA litigation, *see, e.g.*, *Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. Richie Jordan Constr. Inc.*, No. 15-CV-3811, 2015 WL 7288654, at *5 (S.D.N.Y. Nov. 17, 2015) (awarding fees to Plaintiff's counsel of $175/hour of junior associate time); *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 507-08 (S.D.N.Y. 2012) (awarding fees to Plaintiffs' counsel's firm at rates of $175/hour for associate work and $350/hour for partner work); *Wong v. Hunda Glass Corp.*, No. 09-CV-4402, 2010 WL 3452417, at *3 (S.D.N.Y. Sept. 1, 2010) (awarding $350/hour to attorneys with twelve years' experience), *Ochoa v. Prince Deli Grocery Corp.*, No. 18 CIV. 9417 (ER), 2021 WL 5235222, at *2 (S.D.N.Y. Nov. 8, 2021) (calling $450/hour the "prevailing maximum rate in the Southern District").  Therefore, a one-third award is far from a windfall for Plaintiffs' counsel, but instead represents modest compensation for the work put into this case.[2]  Based on this analysis, I find the attorneys' fees contemplated in the settlement agreement to be fair and reasonable.

---

[2] Even if I apply the low end of the hourly rate range, Plaintiffs' counsel would be compensated for a relatively small amount—approximately 14.28 hours—of work.

III.   **Conclusion**

The settlement agreement of the parties is hereby APPROVED.  The Clerk of the Court is

respectfully directed to terminate the motion pending at Doc. 30 and close the case.

SO ORDERED.


Dated:        October 26, 2023
              New York, New York

                                          Vernon S. Broderick
                                          United States District Judge

6